**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. DAVID FRENCH, | ) |
| 2. PAMELA FRENCH, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| 1. ALLSTATE INSURANCE | ) |
| COMPANY, A Foreign | ) |
| For Profit Insurance Corporation, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### A.   Parties

1.  Plaintiffs, David French and Pamela French, are residents of the state of Oklahoma.

2.  Defendant, Allstate Insurance Company, is a foreign for profit insurance corporation incorporated and organized under the laws of the State of Illinois.

3.  The principal place of business for Defendant, Allstate Insurance Company, is within the state of Illinois.

4.  The Defendant, Allstate Insurance Company, is licensed to conduct business in the state of Oklahoma and may be served with process through the Oklahoma Department of Insurance.

5. This action is not related to any other case filed in this court.

## B. Jurisdiction

6. The court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## C. Facts

7. At all times material hereto the Plaintiffs, David French and Pamela French, owned property located at 105 SW 13th Street, Moore, Oklahoma.

8. On or about May 20, 2013, Plaintiffs' home was damaged as the result of a tornado.

9. At all times material hereto, the Plaintiffs, David French and Pamela French, were insured under the terms and conditions of homeowners insurance policy, policy number 095875430, issued by the Defendant, Allstate Insurance Company.

10. At all times material hereto, Plaintiffs, David French and Pamela French, complied with the terms and conditions of their insurance policy.

11. Tornado damage is a covered peril not otherwise excluded pursuant to the terms and conditions of the policy issued by the Defendant

## D. Count I Breach of Contract

12. Plaintiffs, David French and Pamela French, hereby assert, allege and incorporate paragraphs 1-11 herein.

13. The property insurance policy No. 095875430, issued by the Defendant, Allstate Insurance Company, was in effect on May 20, 2013.

14. The acts and omissions of the Defendant, Allstate Insurance Company, in the investigation, evaluation and payment of Plaintiffs' claim were unreasonable and constitute a breach of contract for which contractual damages are hereby sought. Defendant's breach of contract includes, but is not limited to, the following: reliance upon an unreasonable scope of work and failure to conduct a joint inspection of the Plaintiffs' damaged home.

15. The scope of work relied upon by the Defendant is unreasonable because it omits covered damages, including structural damages to the interior and exterior of Plaintiffs' property. These damages included the separation of interior walls and cabinets.

16. The Defendant's failure to jointly inspect the Plaintiffs' property, after being requested to do so by the insured, is unreasonable and amounts to a breach of the insurance contract because a joint inspection would have resulted in a more inclusive scope of work and the subsequent issuance of a higher claim payment.

### E. Count II Bad Faith

17. Plaintiffs, David French and Pamela French, hereby assert, allege and incorporate paragraphs 1-16 herein.

18. The acts and omissions of the Defendant, Allstate Insurance

Company, in the investigation, evaluation and payment of Plaintiffs' claim were unreasonable and constitute bad faith for which bad faith and extra-contractual damages are hereby sought.

19. Defendant acted unreasonably and in bad faith by failing to consider evidence submitted by its insured which indicates that the Plaintiffs' property was damaged as a result of the tornado and was not in such condition prior to the storm. The Plaintiffs submitted a scope of work and engineering report to the Defendant following the loss. The Plaintiffs' contractor's scope of damages and engineering report contained numerous line items of damage which were omitted from the Defendant's scope of work and estimate. Defendant unreasonably refused to consider this evidence. The Plaintiffs' public adjuster suggested to the Defendant that a joint inspection be performed with both parties and their engineers present in order to go line-by-line through the loss in order to come to an agreement as to the scope of loss. Initially, Defendant's adjuster agreed to the joint inspection. The Defendant's adjuster later apologized and stated that his supervisor would not consider a joint inspection and that Allstate would only issue payment to the Plaintiffs based upon its own scope of damages. Had Allstate conducted a reasonable investigation and conducted the joint inspection of Plaintiffs' property, it would have acknowledged numerous line items of damages omitted from its initial scope of work. This would have resulted in the Plaintiffs being paid a higher, fairer,

and more accurate claims payment for their covered loss.

20. Defendant acted in bad faith by refusing to consider the condition of the Plaintiffs' property prior to the tornado.

21. Defendant acted in bad faith by refusing to jointly inspect the property with Plaintiffs. Had a joint inspection occurred and had the home's pre-loss condition been considered, the Plaintiffs would have been paid for a larger and more accurate scope of damages.

22. This conduct is unreasonable because by failing to consider the evidence submitted by the Plaintiffs of the home's pre-loss condition, the Defendant paid the Plaintiffs for a scope of damages inadequate to effectuate repairs and not commensurate with the extent of the damages which resulted from the storm, a peril which is covered under the terms and conditions of the insurance policy issued to the Plaintiffs by Defendant.

### F. Count III Punitive Damages

23. Plaintiffs, David French and Pamela French, hereby assert, allege and incorporate paragraphs 1-22 herein.

24. The unreasonable conduct of the Defendant, Allstate Insurance Company, in the handling of Plaintiffs' claim was intentional, willful, wanton and was committed with a reckless disregard for the rights of the Plaintiffs for which punitive damages are hereby sought.

## G. Demand for Jury Trial

25. The Plaintiffs, David French and Pamela French, hereby request that the matters set forth herein be determined by a jury of their peers.

## H. Prayer

26. Having properly plead, Plaintiffs, David French and Pamela French, hereby seek contractual, bad faith and punitive damages against the Defendant, Allstate Insurance Company, all in an amount in excess of $75,000.00; including costs, interest and attorney fees.

Respectfully submitted,

S/ *Michael D. McGrew*
Michael D. McGrew, OBA# 013167
Michael D. McGrew & Associates, PC
400 N. Walker, Suite 115
Oklahoma City, Oklahoma 73102
(405) 235-9909 Telephone
(405) 235-9929 Facsimile
mcgrewslaw@yahoo.com
**ATTORNEYS FOR THE PLAINTIFFS**